[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges in his complaint that he was injured while operating a vehicle on Route 84 in Hartford, Connecticut.
The court concludes from the evidence that he had come to a complete halt when a vehicle driven by the defendant, Christine Appel, and owned by the defendant, The Lease Mart, struck his vehicle from behind.
The plaintiff drove to Danbury Hospital for X-rays and was given pain pills. The next day he returned and was referred to Dr. Foster, an orthopedic surgeon.
At the time of his injuries, he was eighteen (18) years old with an actuarial life expectancy of 48.1 years.
The parties stipulated that the medical bills amounted to $5,169.77.
After treatment by an orthopedic doctor, he was referred for physical therapy which he claims has not helped him significantly.
The last time he saw a doctor was in October, 1991.
He wears a one-half inch lift in his shoe and a back brace. He further complains of a constant pain. His movements are also restricted in the arms, head and waist.
At the time of the accident, he was an apprentice plumber with C. N. Flagg. He was subsequently laid off.
From the evidence, the court can reasonably find the following:
1. Medical expenses incurred by the plaintiff amounted to $5170.
2. The plaintiff has an actuarial life expectancy of 48.1 years.
3. The sum of $1672 was received from the State in 1989.
4. The court finds the testimony of Dr. Nipper the more CT Page 4568 credible testimony and, therefore, attributes no permanent, partial disability as a result of the accident.
5. The sum of $3936 paid to the plaintiff as no fault benefits are not a collateral source and, therefore, any benefit received by the plaintiff is not to be reduced.
6. There is no contributory negligence on the part of the plaintiff.
Accordingly, the court finds the issues for the plaintiff and awards to him the sum of $5170 for economic damages, which sum represents the medical expenses. The award is in accord with Connecticut General Statutes §§ 52-225a, 52-572h(a) and (f).
Noneconomic damages are awarded as follows:
1. For bodily injury, the sum of $10,000.
2. For mental and emotional suffering, the sum of $15,000. No finding is necessary under Connecticut General Statutes §§ 52-572h
(a)3 and (a)4.
The total damages are found to be $30,169.
3. The percentage of negligence that proximately caused the injury by the defendant is 100 percent.
Mihalakos, J.